**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TOMARA ALLEN PULLIAM, JR.,**

**Plaintiff,**

**v.**

**OFFICER M ROGERS, et al.,**

**Defendants.**

**Case No. 2:26-cv-108**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Shimeall**

**OPINION AND ORDER**

On July 14, 2026, Magistrate Judge Shimeall issued a Report and Recommendation (R&R, Doc. 10, #60–61), screening Plaintiff Tomara Allen Pulliam, Jr.'s pro se in forma pauperis complaint under 28 U.S.C. § 1915(e)(2). In it, he recommends that the Court dismiss Pulliam's claims against the City of Steubenville and Officer Roger's supervising officer, but allow most of the claims against Officer Rogers to proceed. No one has objected to the R&R.

For the reasons stated more fully below, the Court largely **ADOPTS** the R&R (Doc. 10). To start, the Court agrees that the federal claims against Officer Rogers may proceed. Then, turning to Pulliam's state-law claims against Officer Rogers, the Court agrees with the R&R that some may move forward, while others cannot. To that end, the Court **DISMISSES** the interference with business operations claim (Count VIII) **WITHOUT PREJUDICE** and **DISMISSES** the claims for false imprisonment (Count IV) and negligent infliction of emotional distress (part of Count VII) **WITH PREJUDICE**. But, as the R&R also suggests, the three remaining state-

law claims against Officer Rogers (Counts V, VI, and the intentional infliction of emotional distress part of VII) can proceed.

That leaves the city and the supervising officer. On that front, the Court agrees with the R&R as to Pulliam's federal claims, and thus **DISMISSES** those claims **WITHOUT PREJUDICE.** But the Court parts ways with the R&R on the state-law claims against those two defendants. The R&R recommends dismissing them on jurisdictional grounds. But the Court concludes that is not warranted. Instead, the Court reaches the merits on those claims. So, as with the same claims against Pulliam, the Court will **DISMISS WITH PREJUDICE** the claims for false imprisonment (Count IV) and negligent infliction of emotional distress (part of Count VII) against these two defendants. And it will **DISMISS WITHOUT PREJUDICE** the interference with business operations claim (Count VIII). But the two remaining state-law claims against the city and supervising officer (Count VI, and the intentional infliction of emotional distress part of Count VII) can proceed.

## BACKGROUND

Pulliam is an Ohio resident. He owns a small business called Efficient Solutions Setup. (Compl., Doc. 4, #11).

Because the complaint provides a threadbare description of the facts, the Court draws from a state court opinion—*State v. Pulliam*, 2026-Ohio-3435 (7th Dist.)—to provide additional context for the incident at issue, but only to the extent that this context supplements, rather than contradicts, Pulliam's allegations here. According

to the state court opinion, Pulliam was driving a vehicle that had an object dragging from the front fender when Officer Rogers stopped the vehicle. *Id.* ¶ 5.

Apparently, the stop occurred right outside of, or at least near, Pulliam's business. *Id.*; (Doc. 4, #11). Pulliam alleges in his complaint that Officer Rogers "arrived without activating emergency lights or siren." (Doc. 4, #11). The officer began talking to Pulliam, but "did not address [Pulliam] while [Pulliam] was facing him." (*Id.*). Instead, after Pulliam "turned his back and began entering his business," "Officer Rogers repeatedly shout[ed] commands for Plaintiff to stop, without articulating any reason or lawful basis." (*Id.*). Then, Officer Rogers "physically redirected" Pulliam. Ultimately, Pulliam was "transported to jail, processed, and handcuffed to a bench for an extended period of time" "despite posing no threat and offering no resistance." (*Id.*).

The city prosecutor charged Pulliam with two misdemeanors in connection with this incident: (1) a minor misdemeanor for driving an unsafe vehicle under City of Steubenville Ordinance 337.01, and (2) a second-degree misdemeanor for obstructing official business under City of Steubenville Ordinance 525.07(A). *Pulliam*, 2026-Ohio-3435 ¶ 8. At trial, the judge found Pulliam guilty of driving an unsafe vehicle but not guilty of obstruction. *Id.* ¶ 14; (Doc. 4, #11). A state appeals court affirmed the judgment. *Pulliam*, 2026-Ohio-3435 ¶ 27. Pulliam did not seek review in the Ohio Supreme Court.

In his action here, Pulliam alleges that his state court conviction was improper. He claims that the trial court wrongly credited Officer Rogers' testimony that Pulliam

refused to identify himself, even though video evidence "admitted at trial directly contradicts this testimony." According to Pulliam, the video shows he "provided his name and address," but then "was physically redirected by Officer Rogers." (Doc. 4, #11).

As a result of his arrest and conviction, Pulliam alleges "significant emotional and psychological harm" that worsened preexisting "trauma-related symptoms." (*Id.*). He describes his experiences during the incident as "inhumane, degrading, and unnecessary, causing physical discomfort and severe emotional distress," and he says that his arrest "prevented [him] from returning home to his 8-month-old son, causing acute emotional distress, anxiety, and lasting trauma." (*Id.*). He adds that he suffered "humiliation and reputational damage" because his jail report was made public. (*Id.*). Pulliam was ultimately "unable to continue working … due to overwhelming fear and emotional distress related to the incident," and is undergoing evaluation at the United States Department of Veterans Affairs for treatment. (*Id.* at #12).

Based on that series of events, Pulliam, acting pro se, sued. He initiated the action by moving to proceed in forma pauperis, attaching his original complaint. (Doc. 1; Doc. 1-1). But his motion failed to provide some of the necessary documentation, so the Court granted him leave to do so. (Doc. 3). While that was happening, he also filed an amended complaint (Doc. 4), which is the operative complaint here. In it, he asserts four federal and five state-law claims against Officer Rogers, Rogers' unidentified supervising officer, and the city.

His federal claims all arise under 42 U.S.C. § 1983. They allege (1) unlawful seizure in violation of the Fourth Amendment (Count I), (2) excessive force in violation of the Fourth Amendment (Count II), (3) fabrication of evidence in violation of the Fourteenth Amendment (Count III), and (4) municipal liability under *Monell* (Count IX). (Doc. 4, #12–14). He asserts counts I through III against both Officer Rogers and his unknown supervising officer in their individual capacities, while he directs Count IX solely against the City of Steubenville, Ohio. (*Id.*).

Turning to the state-law claims, Pulliam alleges (1) false imprisonment (Count IV), (2) assault and battery (Count V), (3) defamation or libel (Count VI), (4) intentional or negligent infliction of emotional distress (Count VII), and (5) interference with business operations (Count VIII). He brings the state-law claims against all defendants, apart from the assault and battery claim, which applies only to Officer Rogers. (*Id.* at #13–14).

Because Pulliam is proceeding pro se and IFP, the Magistrate Judge screened the complaint under 28 U.S.C. § 1915(e)(2). Based on that screening, he recommends dismissing all claims against the city and supervising officer without prejudice. As the R&R explains, the federal claims against the city failed to allege a policy or custom (Doc. 10, #49–52), which is a prerequisite to a *Monell* claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). As for the federal claims against the supervising officer, the Magistrate Judge explained that § 1983 does not impose respondeat-superior liability for supervisors and that supervising officers may only be held liable under § 1983 if they "encouraged" or "directly participated in" the

specific incident of misconduct. (Doc. 10, #52 (citing *Anderson v. Mohr*, No. 2:15-cv-2798, 2015 WL 13730917, at *2 (S.D. Ohio Sept. 9, 2015), R&R adopted, 2015 WL 7012799 (S.D. Ohio Nov. 12, 2015))). Here, the complaint failed to allege any such personal involvement or ratification. (*Id.*). Then, having recommended that the Court dismiss the federal claims, the Magistrate Judge further recommended dismissing the state-law claims against the city and supervising officer without prejudice on jurisdictional grounds under 28 U.S.C. § 1367, because the federal claims against those defendants were no longer there to provide a jurisdictional anchor for the state-law claims. (*Id.* at #56).

Turning to the claims against Officer Rogers, the Magistrate Judge first recommended that the Court allow all three federal claims to proceed. (*Id.* at #52–56). As for the state-law claims, though, the results were more mixed. The Magistrate Judge recommended allowing Pulliam's claims for assault and battery (Count V), defamation or libel (Count VI), and *intentional* infliction of emotional distress (IIED) (part of Count VII) against Officer Rogers to proceed. But he recommended dismissal of the remaining state-law claims for false imprisonment (Count IV), *negligent* infliction of emotional distress (NIED) (the remaining part of Count VII), and interference with business operations (Count VIII). (*Id.* at #60–61). The R&R recommended dismissing the claims for false imprisonment and NIED with prejudice and the claim for interference with business operations without. (*Id.*).

Pulliam did not object to the R&R and the time to do so has passed, so the matter is ripe for this Court's consideration.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). For any unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to that review. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).

Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Moreover, pro se filings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## LAW AND ANALYSIS

Pulliam has not objected to the Magistrate Judge's R&R (Doc. 10), so the Court reviews it for clear error. In doing so, the Court finds that the R&R reaches the correct results (or at least not clearly wrong results) regarding most of Pulliam's claims, but that the Magistrate Judge's rationale for dismissing some of them—specifically the state-law claims against the city and supervising officer—misses the mark. Rather than dismissing all of those claims on jurisdictional grounds, the Court concludes that the correct path is to dismiss only some of them, and to do so on the merits, rather than on jurisdictional grounds. As a result, contrary to what the R&R recommends,

the Court will allow two of the state-law claims against the city and supervising officer to proceed. Other than that, the Court adopts the R&R's treatment of the claims in full. The Court goes through each category of claims below, starting with the claims against Officer Rogers.

### A. The Court Adopts the Magistrate Judge's Recommendation to Allow Certain Claims Against Officer Rogers to Proceed.

The Court finds that, in applying the liberal pleading standard appropriate for pro se plaintiffs, the Magistrate Judge's recommendation to allow Pulliam's federal claims and certain state-law claims against Officer Rogers to proceed passes clear-error review.

#### 1. Federal Claims

The Magistrate Judge recommended allowing Pulliam's three federal claims against Officer Rogers in his individual capacity—two claims under the Fourth Amendment for unlawful seizure (Count I) and excessive force (Count II), and a Fourteenth Amendment claim for fabrication of evidence (Count III)—to proceed. (Doc. 10, #52–56). Although the latter two claims are at best tenuously stated, the Court finds no clear error in these recommendations and so adopts them.

Start with the unlawful seizure claim. The Magistrate Judge found that, accepting Pulliam's allegations as true, Officer Rogers had seized and detained Pulliam "without reasonable suspicion, probable cause, or lawful justification," thereby plausibly giving rise to an unlawful seizure claim. (Doc. 10, #53). The Court finds that this recommendation is supported by the facts and Ohio law. At trial, Pulliam was convicted in state court of driving an unsafe vehicle, a minor

misdemeanor that typically does not justify a warrantless arrest. *Pulliam*, 2026-Ohio-3435 ¶ 19; *see also State v. Lam*, 989 N.E.2d 100, 104 (Ohio 2d Dist. 2013) (minor misdemeanor "typically not an arrestable offense"). But he was found not guilty of obstruction, (Doc. 4, #11), a second-degree misdemeanor, and one that thus would have given rise to a right to arrest under Ohio law. *See, e.g.*, *State v. Parsons*, 74 N.E.3d 945, 953 (Ohio 11th Dist. 2016) (upholding warrantless arrest for second-degree misdemeanor obstruction). In short, there is no state court determination that he had in fact committed an arrestable offense (which would have precluded his false arrest claim). So, as the claim is not precluded by a state conviction, then the question becomes whether Pulliam has alleged facts plausibly suggesting that he was arrested without probable cause that day. On that front, he says he provided "his name and address" when requested and did not otherwise obstruct Officer Rogers' efforts, but that Rogers nonetheless arrested him. (Doc. 4, #11). Taking those allegations as true, as the Court must at this stage, that suffices to plausibly allege unlawful seizure.

The remaining two federal claims also clear the bar, but narrowly and only with some help from liberal construction. Take Pulliam's excessive force claim first. There, in assessing whether Pulliam's allegations suffice under the "objective reasonableness" standard, the Magistrate Judge acknowledged that Pulliam's support for this claim is "less clear." (Doc. 10, #54). But the Magistrate Judge ultimately concluded that the complaint's reference to "physical redirection" and extended handcuffing to a bench were enough. (*Id.* (citing *Reed v. Campbell Cty.*, 80 F.4th 734, 747–48 (6th Cir. 2023))). The Court, for its part, finds that "physical

redirection," without any further factual allegations expanding on what that means, is not enough, but that extended handcuffing does give rise (if barely) to a plausible inference of "excessive" force given the liberal standards that apply to pro se litigants. So the Court agrees that the excessive force claim survives screening.

Lastly, Pulliam alleges that Officer Rogers fabricated evidence when he allegedly lied under oath at trial by stating that Pulliam refused to identify himself. (Doc. 4, #13). Reviewing for clear error, the Court adopts the Magistrate Judge's recommendation and allows Pulliam's fabricated evidence claim to proceed. (Doc. 10, #55).

Finally, the Court notes that its findings, based on clear-error review, that these claims may proceed give no indication of the claims' merits. But, considering the liberal pleading standard that applies to pro se litigants, they may move forward.

**2. State-Law Claims**

As for the five state-law counts, the R&R recommends that some move forward, and that others should not.

The Court begins with the three claims that fall in the latter camp. First, the Magistrate Judge recommends that Pulliam's false imprisonment claim fails as a matter of law because such claims cannot arise against state actors. (*Id.* at #57 (citing *Stager v. Hanshaw*, No. 1:23-cv-120, 2024 WL 1556708, at *9 (S.D. Ohio Apr. 10, 2024))). Second, the Magistrate Judge concluded that Pulliam's interference with business operations claim fails as a matter of law because the complaint fails to allege that Officer Rogers (or any defendant) "knew of the business relationship or

intentionally or materially interfered with it," which are elements of the interference with business operations tort under Ohio law. (*Id.* at #60). Lastly, the Magistrate Judge finds Pulliam's NIED claim falls short because officials are "immune from liability for negligent acts." (*Id.* at #59 (citing *Tuleta v. Med. Mut. of Ohio*, 6 N.E.3d 106, 119 (Ohio 8th Dist. 2014))). The R&R did not clearly err in its treatment of any of those three claims, and thus the Court adopts the recommendations to dismiss Count IV and the NIED component of Count VII with prejudice, and the recommendation to dismiss Count VIII without prejudice.

By contrast, the Magistrate Judge recommended allowing Pulliam's assault and battery claims, defamation or libel claims, and IIED claims to proceed. As for the assault and battery claim, the Magistrate Judge concluded it could proceed largely because the excessive force claim survived screening. On that score, the R&R points to Sixth Circuit precedent that "state law claims for assault and battery 'rise and fall' with [] federal excessive force claims." (*Id.* at #57–58 (citing *D'Agastino v. Warren*, 75 F. App'x 990, 995 (6th Cir. 2003))). Similarly, the Magistrate Judge noted that the defamation or libel claim hinges on whether Pulliam's arrest was supported by probable cause, an issue also central to the unlawful seizure claim. (*Id.* at #58). Finally, the Magistrate Judge recommended allowing the IIED claim to proceed because the tort's elements depend on whether Officer Rogers' conduct was "extreme and outrageous," an inquiry that overlaps with "the reasonableness (or lack thereof)" of Officer Rogers' conduct. (*Id.* at #59 (citing *Stager*, 2024 WL 1556708, at *9)).

The Court agrees that each of these issues is closely intertwined with aspects of the surviving federal claims. So the Court finds no clear error in the Magistrate Judge's recommendation to allow these three claims (Counts V, VI, and the IIED component of Count VII) to proceed at this juncture. Again, though, in allowing the claims to proceed, the Court is not suggesting that they are (or are not) meritorious, but rather only that the case should proceed past the screening stage.

### B. The Court Partly Adopts the Magistrate Judge's Recommendation to Dismiss the Claims Against the City and Supervising Officer, But Will Allow Two State-Law Claims to Proceed.

#### 1. Federal Claims Against the City

The Court finds that the Magistrate Judge did not clearly err in determining that Pulliam failed to plausibly allege the city's § 1983 liability under *Monell.* (Doc. 10, #49). The Court agrees that the complaint "provides no facts from which this Court could plausibly infer that [Officer Rogers'] alleged unlawful conduct was the result of a City custom or policy." (*Id.* at #51). At most, Pulliam alleges a single instance in which one officer violated Pulliam's rights. But the Sixth Circuit has explained that an isolated violation "is generally insufficient to show that [a] city was deliberately indifferent to a need to train or supervise its officers." (*Id.* (citing *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 567 (6th Cir. 2011))).

The Court thus adopts the Magistrate Judge's recommendation as to Count IX and dismisses Pulliam's *Monell* claim against the city. (*Id.* at #51–52).

### 2. Federal Claims Against the Supervising Officer

Similarly, the Court agrees with the Magistrate Judge that—if Pulliam is in fact asserting federal claims against the supervising officer[1]—such claims fail because Pulliam has not adequately alleged the supervising officer's personal involvement in the alleged offenses, a requirement for a supervising officer's liability under § 1983. (*Id.* at #52 (collecting cases)). The R&R's conclusion that "in this case, other than alleging that this Defendant was a supervising officer on the scene, Plaintiff alleges no other facts against the Supervising Officer that would establish personal involvement" is not clearly erroneous. (*Id.*).

The Court thus adopts the Magistrate Judge's recommendation with respect to Pulliam's claims against the supervising officer and dismisses all claims brought against him. (*Id.* at #51–52).

### 3. State-Law Claims

Beyond that, the Magistrate Judge further recommends dismissing Pulliam's state-law claims against the city and the supervising officer on jurisdictional grounds. According to the R&R, if the Court dismisses the federal claims against those defendants, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims. (Doc. 10, #56 (quoting *Royal Canin U.S.A.,*

---

[1] The Court notes that the complaint's claims for relief only name Officer Rogers as an individual defendant for the federal claims at issue. (Doc. 4, #12–13 (Counts I–III)). However, given the liberal pleading standard afforded to pro se plaintiffs, *Erickson*, 551 U.S. at 94, and the complaint's allegation that the supervising officer "acted under color of state law," the Court finds it reasonable to interpret the complaint as alleging § 1983 claims against both Officer Rogers and the supervising officer in their individual capacities. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

*Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025)) ("[W]ith any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well.")).

As explained more fully below, the Court concludes that is not correct, and that it should continue to exercise jurisdiction over these claims. That means that the Court reaches the merits of those claims. And on that front, given that Pulliam pleads the exact same facts against all three defendants, the outcome follows the same pattern the Court applied to the state-law claims against Officer Rogers. Thus, the Court dismisses with prejudice the claims for false imprisonment (Count IV) and negligent infliction of emotional distress (part of Count VII), dismisses without prejudice the interference with business operations claim (Count VIII), and allows the two remaining state-law claims against the city and supervising officer (Counts VI and the IIED component of Part VII) to proceed.

Start with the jurisdictional part. The supplemental jurisdiction statute authorizes the Court to exercise jurisdiction over state-law claims that are "so related to [federal claims against Officer Rogers] that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting 28 U.S.C. § 1367(a)). The state-law claims here easily meet that test. The state-law claims allege (1) false imprisonment (Count IV), (2) defamation or libel (Count VI), (3) intentional or negligent infliction of emotional distress (Count VII), and (4) interference with business operations (Count VIII). (Doc. 4, 13–14). Each claim is brought against all three defendants, and each arises out of the same facts underlying Pulliam's federal claims. (*Id.*). Therefore, the Court can

exercise supplemental jurisdiction over Pulliam's state-law claims against the city and supervisor because they "shar[e] a 'common nucleus of operative fact' with the federal-law ones." *Royal Canin*, 604 U.S. at 31 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

The R&R does not disagree with that. Rather, it focuses on the fact that the Court has dismissed the federal claims against the city and the supervising officer. And it then points to Supreme Court language stating that "supplemental jurisdiction over the residual state claims disappears" when the "federal anchor [is] gone." (Doc. 10, #56 (quoting *Royal Canin*, 604 U.S. at 39)). From that, it concludes that the dismissal of the federal law claims against those parties means that the Court should decline to continue exercising supplemental jurisdiction over the state-law claims, as well.

But that is not quite right. To be sure, supplemental jurisdiction "is in some measure discretionary," *Royal Canin*, 604 U.S. at 31, and there is a "strong presumption" in favor of dismissing state-law claims once the federal claims are gone. *See Cotterman v. City of Cincinnati*, No. 21-3659, 2023 WL 7132017, at *7 (6th Cir. Oct. 30, 2023) (describing the "strong presumption" in favor of dismissing leftover state-law claims). But that presumption arises only when *all* the federal claims are gone from the suit. As 28 U.S.C. § 1367(c)(3) puts it, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed *all claims* over which it has original jurisdiction." (Emphasis added). Here, the Court has not done so; the federal claims against Officer Rogers

remain. So § 1367(c)(3) does not provide a basis for the Court to decline to exercise jurisdiction on those grounds.

That leaves subsections (c)(1), (c)(2), or (c)(4). But the state law claims here do not seem to raise "novel of complex issues," § 1367(c)(1), nor do they "substantially predominate" over the federal claims, § 1367(c)(2), nor does the Court see any other "exceptional circumstances," § 1367(c)(4). And even more to the point, if one of those subsections applied, they would apply equally to the same state-law claims against Officer Rogers.

The bottom line is that the rule that courts should generally dismiss state claims if they have dismissed all federal claims does not apply on a defendant-by-defendant basis. The R&R seemed to think otherwise, and erred in doing so. And without that principle in play, the Court sees no reason to dismiss these claims on jurisdictional grounds.

Still, that leaves the merits. On that front the outcome is largely driven by the outcome on the exact same claims against Officer Rogers. The false imprisonment claim fails for the same reason that such claims cannot arise against state actors. Supra Part A.2. The interference with business operations claim fails as a matter of law because the complaint fails to allege that any defendant "knew of the business relationship or intentionally or materially interfered with it." (Doc. 10, #60). And the supervising officer is "immune from liability for negligent acts," just like Officer Rogers. *Tuleta*, 6 N.E.3d at 119.

Municipalities like the City of Steubenville, by contrast, can be held liable for an employee's negligent acts. *See* Ohio Rev. Code Ann. § 2744.02. But Pulliam's amended complaint fails to state a viable NIED claim nonetheless. Under Ohio law, a plaintiff must experience or witness "actual physical peril" to make out an NIED claim. *Snyder v. United States*, 990 F. Supp. 2d 818, 834 (S.D. Ohio 2014), *aff'd*, 590 F. App'x 505 (6th Cir. 2014). While the Court acknowledges and sympathizes with Pulliam's description of his detention and arrest as "inhumane, degrading," "distress[ing]" and anxiety-inducing, (Doc. 4, #11), these allegations do not amount to "actual physical peril." *Compare Snyder*, 990 F. Supp. 2d at 834 (finding that being "handcuffed, arrested, imprisoned, subjected to a cavity search, not provided food, water or … medication for several hours" is not "actual physical peril"), *with Binns v. Fredendall*, 513 N.E.2d 278, 281 (Ohio 1987) (holding that plaintiff who witnessed boyfriend's fatal car accident and "particularly gruesome head injuries" could recover for NIED).

So, the Court dismisses Count IV and the NIED component of Count VII against these two defendants with prejudice, and dismisses Count VIII without prejudice.

But as for the remaining three state-law claims (Counts V, VI, and the IIED component of Count VII), the Court determines they can proceed, at least for now. Recall, they are proceeding against Officer Rogers. And, while they appear to be based largely (if not exclusively) on his conduct, it is possible that the supervising officer and/or the city could have indirect liability for such claims. Of course, it is also

possible that state law forecloses such indirect liability, or that one or more immunity doctrines may come into play. *See* Ohio Rev. Code Ann. §§ 2744.02, 2744.03. But all of that is a question for another day, after the parties have had an opportunity to respond and raise such issues as they see fit.

## CONCLUSION

For the foregoing reasons, the Court largely **ADOPTS** the R&R (Doc. 10). To start, the Court agrees that the federal claims against Officer Rogers may proceed. Then, turning to Pulliam's state-law claims against Officer Rogers, the Court agrees with the R&R that some may move forward, while others cannot. To that end, the Court **DISMISSES** the interference with business operations claim (Count VIII) **WITHOUT PREJUDICE** and **DISMISSES** the claims for false imprisonment (Count IV) and negligent infliction of emotional distress (part of Count VII) **WITH PREJUDICE**. But, as the R&R also suggests, the three remaining state-law claims against Officer Rogers (Counts V, VI, and the intentional infliction of emotional distress part of VII) can proceed.

That leaves the city and the supervising officer. On that front, the Court agrees with the R&R as to Pulliam's federal claims, and thus **DISMISSES** those claims **WITHOUT PREJUDICE.** But the Court parts ways with the R&R on the state-law claims against those two defendants. The R&R recommends dismissing them on jurisdictional grounds. But the Court concludes that is not warranted. Instead, the Court reaches the merits on those claims. So, as with the same claims against Pulliam, the Court will **DISMISS WITH PREJUDICE** the claims for false

imprisonment (Count IV) and negligent infliction of emotional distress (part of Count VII) against these two defendants. And it will **DISMISS WITHOUT PREJUDICE** the interference with business operations claim (Count VIII). But the two remaining state-law claims against the city and supervising officer (Count VI, and the intentional infliction of emotional distress part of Count VII) can proceed. The Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, and **DENIES** Plaintiff leave to appeal in forma pauperis.

Furthermore, the Magistrate Judge's R&R granted Pulliam thirty days to submit U.S. Marshal Form 285 to have the United States Marshals effectuate service, but Pulliam has yet to do so. Therefore, the Court **GRANTS** him an extension of time to submit U.S. Marshal Form 285 for each defendant within **THIRTY DAYS** of the date of this Order. He must also provide an updated summons naming persons who can be served on behalf of the City of Steubenville and the unidentified supervising officer. If Pulliam does so, the Clerk is **DIRECTED** to issue the summons (Doc. 4-2) as to each properly named defendant, and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants the issued summons and a copy of the Amended Complaint, along with a copy of this Opinion and Order.

**SO ORDERED.**

November 4, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**